UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ACCESS EQUITIES,

                    Plaintiff,

            -against-

KERATIN HOLDINGS LLC, MANIDAE
BEAUTY, LLC,

                    Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 5036 (DG) (CLP)

**POLLAK**, United States Magistrate Judge:

On July 19, 2024, plaintiff Access Equities LLC ("Access Equities" or "plaintiff") commenced this action against defendants Keratin Holdings LLC ("Keratin") and Manidae Beauty, LLC[1] ("Manidae"), seeking damages based on defendants' alleged contractual breaches. (ECF No. 1). On October 10, 2024, plaintiff filed an Amended Complaint, which added certain factual allegations. (See FAC[2]). Currently pending before this Court on referral from the Honorable Diane Gujarati, United States District Judge, is defendants' motion to dismiss for lack of subject matter jurisdiction. (ECF No. 25; see also ECF Nos. 14, 23; Docket Orders, dated March 7, 2025).

For the reasons set forth below, it is respectfully recommended that defendants' motion be granted and that the case be dismissed for lack of subject matter jurisdiction.

---

[1] Aside from whether the Court has subject matter jurisdiction, the Court notes that defendant Manidae may be subject to dismissal under Fed. R. Civ. P. 12(b)(6) based on plaintiff's failure to allege a single fact relating to Manidae's participation in the underlying agreement or its role in the alleged conduct. The Complaint makes absolutely no mention of Manidae, apart from naming Manidae as a defendant.

[2] Citations to "FAC" refer to plaintiff's Amended Complaint, filed on October 10, 2024 (ECF No. 13).

1

FACTUAL BACKGROUND

The Complaint alleges that plaintiff sells consumer products online. (FAC ¶ 10). On or about February 4, 2022, plaintiff allegedly purchased Keratin's Color Care Shampoo and Color Care Conditioner ("Keratin Products") to resell online through Amazon. (Id. ¶¶ 11, 13). Plaintiff purchased the Keratin Products from non-parties A.M. Beauty and NEOMED. (Id. ¶ 12). According to plaintiff, Keratin expressly agreed that plaintiff would be able to resell the Keratin Products through Amazon's retail platform (id. ¶ 14), with Keratin providing plaintiff unfettered access to Keratin's Amazon Brand Registry "Keratin Complex" account ("Amazon Registry") through which plaintiff could sell the Keratin Products. (Id. ¶ 15). For a time after plaintiff purchased the Keratin Products, plaintiff was granted access to Keratin's Amazon Registry and sold the Keratin Products on Amazon. (Id. ¶ 16).

On or about March 2023, plaintiff alleges that Keratin removed plaintiff from its Amazon Registry, which led Amazon to prohibit plaintiff from selling the Keratin Products on Amazon. (Id. ¶ 17). Since plaintiff "conducts substantially all of its sales through Amazon," plaintiff claims that being denied the ability to sell the Keratin Products on Amazon "severely impeded" plaintiff's ability to "effectively market and distribute Keratin's Products, saddling [p]laintiff with [an] inventory" it could not sell and causing plaintiff to incur significant costs and financial losses. (Id. ¶¶ 18-19). Despite apparent, repeated promises from Keratin's Vice President of Sales, Stephanie Sandoval, that plaintiff "would be granted access to the Amazon Registry, such access continues to be improperly withheld." (Id. ¶ 20).

Plaintiff alleges causes of action for (1) promissory estoppel; (2) breach of contract; (3) fraudulent inducement; (4) unfair competition; (5) tortious interference with contract; (6) tortious interference with prospective advantage and prospective economic relations; and (7) defamation and defamation per se. (Id., Cause of Action Nos. I-VII). As a result of Keratin's breach of its

2

promise to allow plaintiff to resell the Keratin Products on Amazon, plaintiff seeks $10,000,000 in "actual, consequential[,] and compensatory damages." (Id. at 11).

PROCEDURAL BACKGROUND

In the original Complaint, plaintiff alleged that the district court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶¶ 5-6). On September 19, 2024, defendants filed a pre-motion conference letter seeking permission to file a motion to dismiss for lack of subject matter jurisdiction based on plaintiff's failure to allege the identities of the members of the defendant limited liability companies ("LLCs") and those members' citizenship, or for failure to state a claim for relief in the alternative. (See ECF No. 10). Since the citizenship of an LLC is based on the citizenship of each of its members, failure to allege the citizenship of each LLC member is a basis for dismissing the Complaint. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016).

On October 10, 2024, plaintiff filed an Amended Complaint clarifying its allegations as to the citizenship of the parties. (See FAC). Plaintiff alleges that Access Equities is a domestic limited liability company with its offices and principal place of business in Brooklyn, New York. (Id. ¶ 2). Defendant Keratin and defendant Manidae are both alleged to be Delaware limited liability companies with their offices located in Florida. (Id. ¶¶ 3, 4). According to plaintiff, complete diversity of citizenship and subject matter jurisdiction exist because Access Equities is a New York entity, "all the members of plaintiff are citizens of the State of New York," and "none of the members" of the defendant LLCs are citizens of New York. (Id. ¶¶ 5-7).

On October 24, 2024, defendants filed a second pre-motion conference letter, again seeking permission to file a motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim. (See ECF No. 14). Given defendants' contention that at least some of

3

defendants' LLC members are also domiciled in New York (see ECF No. 14 at 2), this Court then Ordered the parties to engage in limited jurisdictional discovery. (See Minute Entries, dated November 25, 2024, January 7, 2025; see also ECF Nos. 19, 20, 21).

On December 6, 2024, plaintiff identified five categories of documents "'required to complete jurisdictional discovery,'" including (1) two years of utility bills; (2) five years of New York State tax returns; (3) five years of Form K-1s; (4) copies of "any operating agreements;" and (5) a copy of a recent driver's license. (Babbitt Decl.[3] ¶ 7). Plaintiff also issued demands for information as to the "nature and extent of Andrew Herzog's membership interests in Keratin," including voting rights, profit-sharing agreements, and management roles in the last five years. (Id.)

In response, defendants provided plaintiff with a copy of Mr. Herzog's New York State driver's license, which lists his address as being in Monticello, New York. (Id. ¶ 8). Defendants also produced four recent Form K-1s for Keratin as well as a December 2024 utility bill, all of which list Mr. Herzog's address as the same Monticello, New York address. (Id.) Defendants represented to plaintiff that Mr. Herzog had lived at his current Monticello address for 33 years and in Monticello, New York for his entire life. (Id. ¶¶ 3, 9).

On December 13, 2024, plaintiff indicated that the documents provided "do not prove Mr. Herzog is a New York resident or citizen." (Id. ¶ 10). When defendants offered to provide plaintiff's counsel with a sworn statement from Mr. Herzog and asked plaintiff if there was another document that would satisfy plaintiff, plaintiff did not respond. (Id. ¶ 11 (citing Ex. A-11)).

---

[3] Citations to "Babbitt Decl." refer to the Declaration of Edward G. Babbitt, filed on March 24, 2025 as Exhibit A to defendants' motion to dismiss (ECF No. 25-2).

4

During a January 6, 2025 conference with this Court, the Court directed defendants to provide "either a redacted tax return showing the filing of taxes in [New York] or the form suggested by plaintiff's counsel[,] also showing filing in [New York]."  (Minute Entry, dated January 7, 2025; see also Babbitt Decl. ¶ 12).  Defendant then sent plaintiff a redacted copy of Mr. Herzog's 2023 personal federal income tax return, which listed the same Monticello, New York address, but plaintiff's counsel again disputed that the federal tax return demonstrated Mr. Herzog's New York citizenship and asked for his New York State tax returns.  (Babbitt Decl. ¶ 13, Ex. A-13).  Although defendants offered to produce those returns, plaintiff again refused to represent that this production would be sufficient and demanded the production of two Internal Revenue Service ("IRS") transcripts, which this Court had previously ruled was not required.  (Id.)

On February 3, 2025, defendants placed counsel and plaintiff on notice that they would seek sanctions under Rule 11.  (Id. ¶ 14).  Despite the jurisdictional discovery that had been conducted, the question of subject matter jurisdiction remained unsettled.  (See Order to Show Cause, dated February 4, 2025; see also ECF No. 22).  The dispute was subsequently referred to the undersigned to issue a Report and Recommendation.  (See Docket Orders, dated March 7, 2025).  On March 10, 2025, this Court set a briefing schedule specifically as to the issue of subject matter jurisdiction.  (See Electronic Order, dated March 10, 2025).

On March 24, 2025, defendants formally moved to dismiss the Complaint for lack of subject matter jurisdiction, arguing that complete diversity does not exist because one of defendants' members, Andrew Herzog, is a citizen of New York.  (ECF No. 25-1 at 2).

On August 4, 2025, this Court held an evidentiary hearing at which defendants presented the testimony of Andrew Herzog.  (See Minute Entry, dated August 5, 2025).  Mr. Herzog

5

testified that he has been a member of defendant Keratin since March 2017. (Hrg.[4]). He further testified that he currently resides at 42 Jacob Drive, Monticello, New York 12701, and that he has lived there for 34 years. (Id.) He testified that 42 Jacob Drive is his permanent place of residence; he has no other residences and owns no other real property; and that he has lived in Monticello, New York for 73 years – his entire life.[5] (Id.)

To corroborate Mr. Herzog's testimony, defendants offered Mr. Herzog's New York State driver's license into evidence, which was issued on October 3, 2017 and lists Mr. Herzog's address as 42 Jacob Drive, Monticello, New York 12701. (Id., Ex. 2). Defendants then offered Exhibit No. 3, which Mr. Herzog identified as a copy of his Verizon telephone bill, bearing the date of October 6, 2024 and covering the billing period of September 7, 2024 to October 6, 2024. (Id., Ex. 3). The Verizon bill also reflects Mr. Herzog's address as 42 Jacob Drive, Monticello, New York 12701. (Id.) Defendants also introduced Keratin's Schedule K-1s for 2018, 2020, 2021, and 2023. (Id., Ex. 4). Filed with the IRS, each Schedule K-1 listed Mr. Herzog as a partner of Keratin with a home address of 42 Jacob Drive, Monticello, New York 12701. (Id.) The final exhibit offered was Mr. Herzog's personal federal income tax return for the calendar year 2023, again listing his address as 42 Jacob Drive, Monticello, New York 12701. (Id., Ex. 5).

On cross-examination, plaintiff's counsel questioned Mr. Herzog on his partnership percentage in Keratin, which Mr. Herzog did not know. (Hrg.) Plaintiff's counsel also asked Mr. Herzog for the dates on which he filed each of the Schedule K-1s and his personal federal

---

[4] Citations to "Hrg." refer to the evidentiary hearing held before this Court on August 4, 2025. (See Minute Entry, dated August 5, 2025). The hearing was recorded, and the parties may order a transcript from the Brooklyn Electronic Sound Recording ("ESR") Office.

[5] Mr. Herzog's testimony is consistent with his October 22, 2024 affidavit, which was previously provided to plaintiff (see Babbitt Decl. ¶ 3), and introduced at the hearing. (Hrg., Ex. 1).

6

tax return; Mr. Herzog was unsure of the filing dates, and the Court sustained an objection as to relevance.[6]  (Id.)  Finally, in response to a question as to who prepared his 2023 personal income tax return, Mr. Herzog identified a New York Certified Public Accountant with whom he had worked for eight to ten years.  (Id.)

DISCUSSION

A.  Legal Standard

Before deciding any case, a court must ensure that the case is properly within its subject matter jurisdiction.  See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133-34 (2d Cir. 2006) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001)).  The party asserting jurisdiction under 28 U.S.C. § 1332 must show by a preponderance of the evidence that there is "complete diversity, i.e. all plaintiffs must be citizens of states diverse from those of all defendants." Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 118 (2d Cir. 2014) (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)).

Here, there is no dispute that defendant Keratin is a limited liability corporation.  As a limited liability corporation, Keratin's citizenship is determined by the citizenship of its members.  See Carden v. ArKoma & Assocs., 494 U.S. 185, 195-96 (1990).  The parties do not appear to dispute that Mr. Herzog is a member of defendant Keratin.  Thus, if Mr. Herzog is a citizen of New York, the court lacks subject matter jurisdiction because defendant Keratin is not diverse from plaintiff.

---

[6] During questioning on the dates of the filing of his returns, it became apparent that Mr. Herzog's wife was present and had suggested an answer to the witness with respect to the filing dates. (Hrg.)  The Court admonished the witness that he should not confer with anyone else during the examination.  (Id.)  However, the Court has not considered the answer suggested to the witness and denies plaintiff's subsequent motion to strike all of Mr. Herzog's testimony since the Court sustained defendants' counsel's objection and found the question irrelevant.  (See id.)

It is well established that "'an individual's citizenship, within the meaning of the diversity statute, is determined by [his] domicile.'" Lebetkin v. Giray, No. 18 CV 8170, 2018 WL 5312907, at *3 (S.D.N.Y. Oct. 26, 2018) (citing Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 41 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d at 42 (internal citation and quotation marks omitted); see also Chappelle v. Beacon Communications Corp., 863 F. Supp. 179, 181 (S.D.N.Y. 1994) (stating that "[e]ven though a party may have several places of residence, he or she may have only one domicile at a given time . . . [g]enerally, a 'domicile' is distinguished from a 'residence' by the permanency and scope of the party's presence there").

To determine a party's domicile, courts consider various factors, including "the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership[,] and places of business or employment." Freese v. Travers, No. 95 CV 3413, 1997 WL 699958, at *1 (S.D.N.Y. Nov. 10, 1997) (quoting National Artists Mgmt. Co., Inc. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991)); see also Farrell v. Ashton, No. 89 CV 6706, 1991 WL 29261, at *2 (S.D.N.Y. Feb. 28, 1991) (listing similar factors).

Courts use a "totality of the evidence approach . . . under which no single factor is conclusive" as to the determination of domicile. Chappelle v. Beacon Communications Corp., 863 F. Supp. at 181 (internal citation and quotation marks omitted). Since no one factor can "establish domicile conclusively," courts "examine the entire range of a person's conduct in

8

order to draw the necessary inferences as to the relevant intent." Farrell v. Ashton, 1991 WL 29261, at *2.

    B. Analysis

As noted *supra*, Mr. Herzog not only presented a sworn affidavit that he lives in Monticello, New York, and has been domiciled in New York his entire life (Babbitt Decl. ¶¶ 3, 9), but he also testified under oath before this Court that he has been living at his current address of 42 Jacob Drive, Monticello, New York for 34 years. (Hrg.) His New York State driver's license, issued in 2017 and listing 42 Jacob Drive, Monticello, New York as his current address, provides corroboration for his sworn testimony, as do the four recent Schedule K-1s for defendant Keratin, spanning a period from 2018 to 2023; his Verizon bill from October 2024; his December 2024 utility bill; and his 2023 personal federal income tax return. Every document produced before or during the hearing lists the same Monticello, New York address as Mr. Herzog's place of residence. (See Hrg., Exs. 1-5; see also Babbitt Decl. ¶ 8, Exs. A-7, A-8). When asked, Mr. Herzog testified that he has lived in New York for his entire 73 years of life, has no other residences, and owns no other real property. (Hrg.)

In challenging this evidence, plaintiff has not provided any documentary evidence to suggest that Mr. Herzog does not reside in New York. When asked during the August 4, 2025 hearing to provide whatever evidence plaintiff possesses to dispute Mr. Herzog's testimony, plaintiff's counsel did not provide any extrinsic evidence or offer the testimony of any witness challenging Mr. Herzog's evidence; counsel simply argued that there was nothing to corroborate that Mr. Herzog resided in New York at the time the action was commenced on July 19, 2024. (Id.)

9

Specifically, plaintiff's counsel contends that defendants' documentary evidence merely shows that Mr. Herzog may have lived in New York in 2017 when he was issued his current driver's license, but the license has not yet expired and therefore does not prove that the address on the license is current.  (Id.)  Similarly, counsel argues that the provided Schedule K-1s do not prove that he was residing in New York on July 19, 2024, the day this action was filed.  (Id.)  Counsel also insists that Mr. Herzog's 2023 personal federal income tax return, which was filed on September 25, 2024, after the action was commenced, does not prove that he was living at 42 Jacob Drive, Monticello, New York 12701 in July 2024.  (Id.)  Entirely discounting Mr. Herzog's testimony and the documents indicating that Mr. Herzog resided at 42 Jacob Drive from at least 2017 up until he certified his address in his 2023 federal income tax return, counsel argues that no documents have been provided showing that he continued to live there between the end of 2023 and September 7, 2024, which is when the Verizon bill reflects 42 Jacob Drive as Mr. Herzog's address.  (See id.)  Thus, plaintiff argues that defendants have not established that Mr. Herzog was a New York citizen.

Plaintiff, however, appears to ignore the fact that the party asserting diversity jurisdiction must demonstrate that complete diversity exists.  See Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d at 118.  Given that plaintiff has provided no evidence to suggest that Mr. Herzog is not a resident of Monticello, New York despite his sworn testimony, driver's license, and other documentary evidence, the continued protests as to Mr. Herzog's citizenship are borne of pure speculation on plaintiff's part.  Plaintiff has presented no evidence to suggest that Mr. Herzog moved out of his longtime residence sometime between December 2023 and July 2024 and then moved back to the same location in September 2024.

10

In plaintiff's opposition to the instant motion, plaintiff argued that defendants were required to produce additional documentation and that the motion to dismiss is premature in light of this failure to provide court-ordered discovery.  (See ECF No. 29 ¶¶ 8-12, 15-18). Specifically, plaintiff contended that defendants were required to produce a redacted New York State tax return or an IRS transcript.  (Id. ¶ 8).  Plaintiff argued that defendants violated this Court's Order by insisting that plaintiff accept the provided 2023 personal federal income tax return as a sufficient response to that Order, and that an adverse inference is warranted under the circumstances.  (Id. ¶¶ 26-28).

While defendants did not produce a New York State tax return, the Court finds that the production of Mr. Herzog's 2023 federal income tax return, along with his testimony and other corroborating evidence, is more than enough to satisfy the Court that Mr. Herzog is domiciled in New York.  Moreover, plaintiff was Ordered to brief the issue of subject matter jurisdiction and was given an opportunity at the hearing to present the evidence necessary to carry its burden. Rather than providing a single document to prove by a preponderance of the evidence that Mr. Herzog, as a member of defendant Keratin, is not a New York resident and is thus diverse from plaintiff, plaintiff only argues that defendants' motion to dismiss should be denied because of defendants' failure to provide a New York State tax return, and in spite of ample evidence that Mr. Herzog is a New York resident.  This is not enough to carry plaintiff's burden.

## CONCLUSION

Based on the documentary evidence presented at the hearing and the testimony of Mr. Herzog, who the Court finds to be credible, and having considered all submissions of the parties, the Court finds that Mr. Herzog is a citizen and resident of New York as well as a member of defendant Keratin Holdings LLC.  Complete diversity does not exist because plaintiff is a New York citizen and Mr. Herzog's New York citizenship determines the citizenship of defendant

Keratin Holdings LLC.  Accordingly, the court lacks subject matter jurisdiction over this action, and it is respectfully recommended that defendants' motion be granted and that the case be dismissed for lack of subject matter jurisdiction.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 8, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York